IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:07CV00287-WRW |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **IRIS McCANDLESS** | : | PLAINTIFF |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH, et al.** | : | DEFENDANTS |

## ORDER

Pending is Defendants' Motion for Summary Judgment (Doc. No. 15). Responses and replies have been filed and oral argument was heard at the status conference held today.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[3] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[4] This court must view the facts in the light most favorable to the party

---

[1] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[3] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[4] *Id.* at 728.

opposing the motion.[5]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

## II.   DISCUSSION

Defendants assert that Plaintiff's claims must be dismissed because there is "no reliable evidence that Premarin increases breast cancer risk."[8]  Defendants reference many studies in support of their position -- that the weight of the scientific evidence shows no link between breast cancer and estrogen only therapy.  Plaintiff respond by citing a few studies, which Defendants criticize. While this case ultimately may be dismissed following *Daubert* motions, at this time Defendants have failed to establish that there are no material facts in dispute.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment (Doc. No. 15) is DENIED.

IT IS SO ORDERED this 22nd day of August, 2008.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE

---

[5]*Id.* at 727-28.

[6] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

[8]Doc. No. 16.